UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 18-40 (JRT/LIB) |
| v. | MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE |
| ERIC JAMES REINBOLD, | |
| Defendant. | |

Angela M. Munoz, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Bruce M. Rivers, **RIVERS LAW FIRM PA**, 701 Fourth Avenue South, Suite 300, Minneapolis, MN 55415, for defendant.

Defendant Eric James Reinbold is serving a 60-month sentence after being found guilty of possession of unregistered destructive devices. Reinbold moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). In light of the COVID-19 pandemic, and because there are extraordinary and compelling reasons warranting a sentence reduction, the Court will grant Reinbold's Motion for Compassionate Release.

### BACKGROUND

On July 20, 2018, Reinbold was found guilty of possession of unregistered destructive devices. (Jury Verdict, July 20, 2018, Docket No. 54.) He was then sentenced

to a 60-month term of imprisonment and a 3-year term of supervised release. (Sentencing J. at 2–3, Dec. 18, 2018, Docket No. 77.)

Reinbold is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 16, 2021). Reinbold's projected release date is February 6, 2022. *Id.* As such, Reinbold has roughly 10.5 months left to serve.

On October 15, 2020, Reinbold tested positive for COVID-19, (Sealed Gov't Ex. 1 at 4, Feb. 9, 2021, Docket No. 89), which he was reported to have recovered from on October 28, 2020, (*id.*) During the pandemic, FCI Oxford has reported 763 COVID-19 cases among inmates and staff in total. *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 16, 2021). Currently, FCI Oxford has two reported cases among inmates. *Id.*

On April 17, 2020, Reinbold submitted a request for compassionate release to the warden at FCI Oxford, and the Bureau of Prisons ("BOP") confirmed receipt of this request. (Reply, Ex. 2 at 1–2, Feb. 11, 2021, Docket No. 90-2.) Reinbold now moves the Court to reduce his term of imprisonment to time served. (Mot. Compassionate Release, Oct. 30, 2020, Docket No. 80.) The United States opposes the Motion.

**DISCUSSION**

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law now allows defendants, in addition to the BOP, to move for compassionate release after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Reinbold requested compassionate release from the warden on April 17, 2020. Thus, his Motion is ripe for review, as more than 30 days have lapsed since he made this request. Accordingly, the Court will now consider "the factors set forth in section 3553(a)" and decide whether "extraordinary and compelling reasons warrant" a reduction to Reinbold's sentence, and if such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Court first notes that the pandemic "'is extraordinary and unprecedented in modern times" and "presents a clear and present danger to free society for reasons that need no elaboration." *United States v. Alvarado*, 462 F. Supp. 3d 948, 950 (D. Minn. 2020) (quotation omitted). Although the pandemic, by itself, does not warrant a sentence reduction, neither is it insignificant when considering whether other extraordinary and compelling reasons may warrant such a reduction, such as family circumstances and other

reasons, including the amount of time served, an inmate's release plans, and whether release would minimize the severity of the offense. *See* 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13, cmt. n.1(C)–(D); Fed. Bureau of Prisons, Program Statement 5050.50 at 12 (2019) (providing a nonexclusive list of other reasons);[1] *see also Reno v. Koray*, 515 U.S. 50, 61 (1995) (holding that BOP program statements are entitled to some deference when they reflect a permissible construction of the statute).

Here, Reinbold's wife suffers from a serious health condition of indefinite duration, one which requires weekly appointments lasting up to 4 hours and blood transfusions, and one which incapacitates her, making it more difficult for her to sufficiently care for their children.[2] Moreover, as the children's education has been significantly disrupted by the pandemic and her in-laws are elderly and at increased risk of contracting a severe case of COVID-19, Reinbold's wife has often found it hard to care for the children by herself while severely fatigued as a result of her condition. Given these difficulties, the Court finds that a reduction in Reinhold's sentence would allow him to care for the children and help alleviate his family's challenging circumstances. Furthermore, the Probation Office has approved Reinbold's release plan based on his ability to provide for his family and the robust family support he will receive upon release.

---

[1] The Program Statement is accessible at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.
[2] (Reply, Ex. 1 at 1, 4–5, Feb. 11, 2021, Docket No. 90.)

Additionally, when accounting for good time, Reinbold has served roughly 85% of his sentence, during which he has had no disciplinary infractions. Although Reinbold's crime was serious and could have resulted in serious injuries, there was no violence, and the Court is of the belief that Reinbold will not do something as ill-advised and dangerous again. As such, the Court finds that reducing his sentence to time served will not minimize the severity of the offense, pose a risk to the community, or result in sentencing disparities. The Court will therefore modify his sentence accordingly.

The Court concludes that time served, together with the 3-year term of supervised release originally imposed, add up to a sentence sufficient, but not greater than necessary, to provide just punishment for Reinbold's crime.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Reinbold's Motion for Compassionate Release [Docket No. 80] is **GRANTED** and the Court modifies his sentence under 18 U.S.C. § 3582(c)(1)(A) as follows:

1. The remainder of Reinbold's term of imprisonment is reduced to time served.

2. The Bureau of Prisons is directed to release Reinbold as soon as practicable. The government shall serve a copy of this order on the warden at FCI Oxford immediately.

3. Reinbold shall serve the three-year term of supervised release imposed in the original sentence and the Probation Office shall begin supervision immediately.

-6-

DATED:  March 18, 2021
at Minneapolis, Minnesota.

*John N. Tunheim*
JOHN R. TUNHEIM
Chief Judge
United States District Court